B2100A (Form 2100A) (12/15)

# United States Bankruptcy Court

For the District of Puerto Rico

In re MAR Realty Corp. Case No. 13-09752-MCF11

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

PRCI Loan, LLC
Name of Transferee

Banco Popular de Puerto Rico
Name of Transferor

Name and Address where notices to transferee should be sent:

PRCI Loan, LLC
c/o Midwest Servicing Inc. (servicer)
ATTN: Timothy P. Sheehan
3144 S. Winton Rd.
Rochester, NY 14623

Court Claim # (if known): 3-1
Amount of Claim: $9,192,183.10
Date Claim Filed: 03/11/2014

Phone: 585-377-2810
Last Four Digits of Acct #: 0100

Phone: 787-764-3983
Last Four Digits of Acct. #: N/A

Name and Address where transferee payments should be sent (if different from above):

PRCI Loan, LLC
P.O. Box 70291
San Juan, PR 00936

Phone: 585-377-2810
Last Four Digits of Acct #: 0100

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ [signature]   Date: 7/20/16
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# United States Bankruptcy Court

For the _____ District of  Puerto Rico _____

In re  MAR Realty Corp. _____    Case No.  13-09752-MCF11 _____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. 3-1 (if known) was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on 7/20/16 (date)

Name of Alleged Transferor

Banco Popular de Puerto Rico

Name of Transferee

PRCI Loan, LLC

Address of Alleged Transferor:

Luis Marini-Biaggi, Esq.; Sheila Rodriguez-Figueroa, Esq.
O'Neil & Borges, LLC.
250 Munoz Rivera Avenue, Suite 800
San Juan, P.R. 00918-1813

Address of Transferee

PRCI Loan, LLC
c/o Midwest Servicing Inc. (servicer)
ATTN: Timothy P. Sheehan
3144 S. Winton Rd.
Rochester, NY 14623

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of court.

Date:_____

**CLERK OF THE COURT**

**PAGARE**

| | |
|---|---|
| DEUDOR | NUM. 7380022587 |
| M.A.R. REALTY, CORP. | POR $2,857,500.00 |
| HC 1 BOX 29030 PMB 330 | SUCURSAL SAN PATRICIO (38) |
| CAGUAS, PR 00725-8900 | ORIGEN 31 de enero de 2006 |
| | VENCIMIENTO 31 de enero de 2041 |

POR VALOR RECIBIDO, la parte suscribiente (en adelante denominado "DEUDOR"), se obliga a pagar solidariamente a la orden del WESTERNBANK PUERTO RICO (en adelante denominado "BANCO") o al tenedor de esta obligación, la cantidad principal de **DOS MILLONES OCHOCIENTOS CINCUENTA Y SIETE MIL QUINIENTOS DOLARES ($2,857,500.00)** pagadero en **cuatrocientos veinte (420)** plazos mensuales consecutivos de principal e intereses como sigue:

(i) comenzando el día 28 de febrero de 2006, cuarenta y ocho (48) plazos mensuales consecutivos de Dieciocho Mil Novecientos Sesenta y Nueve Dólares con Cincuenta y Ocho Centavos ($18,969.58) de principal e intereses a razón del siete punto veinticinco por ciento (7.25%) anual cada uno;

(ii) comenzando el día 28 de febrero de 20 10, trescientos setenta y dos (372) plazos mensuales consecutivos de principal e intereses cuyo importe se ajustará al comienzo de este período de trescientos setenta y dos (372) plazos y sucesivamente cada treinta y seis (36) plazos como sigue: el interés pagadero será fijo para cada período de treinta y seis (36) plazos igual a la tasa de interés preferencial establecida por el Citibank, N.A. en la ciudad de Nueva York al comienzo de cada período de treinta y seis (36) y del período final si éste fuera menor de los treinta y seis (36) plazos. El importe de los plazos de principal e intereses se computará dividiendo el balance insoluto de principal al comienzo de cada uno de los períodos de treinta y seis (36) plazos y del período final entre el número de plazos restantes de amortización.

Los intereses pagaderos bajo la presente obligación serán computados a base del número actual de días transcurridos y en un año de trescientos sesenta (360) días y se devengarán a partir de la fecha de este pagaré y de cada fecha de comienzo del período de ajuste del tipo de interés pactado.

En caso de mora en el pago del principal o el interés de esta obligación todas las cantidades adeudadas devengarán intereses de mora a razón del tipo resultante al añadir dos (2) puntos porcentuales al tipo de interés pactado en este pagaré desde la fecha del incumplimiento hasta el pago total de las cantidades adeudadas.

El Deudor pagará al tenedor de esta obligación un cargo por demora igual al cinco porciento (5%) del pago mensual por pagos efectuados diez (10) días de la fecha de vencimiento de los plazos mensuales.

En el caso en que el Deudor pague antes de su vencimiento cualquier cantidad de principal o intereses adeudadas al Banco bajo el presente préstamo con fondos provenientes de otra institución financiera, el Deudor pagará al Banco una indemnización por pago anticipado de una cantidad igual al tres porciento (3%) del balance adeudado del préstamo.

El Deudor pagará como penalidad líquida una suma equivalente al diez porciento (10%) del importe inicial de este pagaré para cubrir el pago de costas, gastos y honorarios de abogado del tenedor, cantidad que será líquida y exigible en su totalidad al ocurrir cualquier evento de incumplimiento de esta obligación sin necesidad de radicación de acción judicial para el cobro de la misma.

El tenedor de esta obligación podrá acelerar el vencimiento de esta obligación y declarar vencidas y exigibles la totalidad de las cantidades adeudadas y las penalidades estipuladas al ocurrir cualesquiera de los siguientes eventos:
(i) el Deudor incumpla con el pago del principal y/o los intereses sobre el mismo o cualquier penalidad estipulada a su vencimiento;
(ii) el Deudor incumpla con cualquier obligación estipulada en este pagaré o en cualquier otro acuerdo o contrato con el tenedor;
(iii) cualquier garantizador de esta obligación incumpla con sus obligaciones bajo su garantía solidaria o en cualquier forma modifique, resuelva o revoque su garantía;
(iv) se dicte cualquier sentencia en contra del Deudor o cualquier garantizador y la misma no sea satisfecha o dejada sin efecto en treinta (30) días desde la fecha en que se dicte;
(v) el Deudor o cualquier garantizador: (a) inicie cualquier procedimiento de quiebra, insolvencia o concurso de acreedores; (b) inicie cualquier procedimiento de sindicatura; (c) haga una cesión en beneficio de acreedores; (d) se inicie en su contra cualquier procedimiento de sindicatura, embargo de bienes, prohibición de enajenar o de incapacidad o liquidación voluntaria; (e) admita su incapacidad de cumplir con sus obligaciones conforme a sus términos; o, (f) ocurra un cambio perjudicial a su condición económica; o,
(vi) en el caso en que cualquier propiedad mueble o inmueble que garantice esta obligación deprecie y afecte adversamente la condición económica del Deudor y/o los garantizadores y su capacidad de pago y cumplimiento con esta obligación y las garantías de la misma.

El Deudor y los garantizadores de esta obligación: (i) renuncian a la presentación para el pago de este pagaré, al requerimiento de pago y aviso de no haberse pagado esta obligación, al protesto y notificación del mismo; (ii) dan su consentimiento a cualquier prórroga para pago, renovación o sustitución de este pagaré; y (iii) dan su consentimiento a que el tenedor renuncie a todas o alguna o algunas de las garantías colaterales de esta obligación, con o sin substitución de la misma.

No se considerará que el tenedor renuncia a alguno de sus derechos o remedios en esta obligación, a menos que dicha renuncia sea expresa y por escrito; y el no ejercicio de algún derecho no podrá interpretarse como su renuncia.

La responsabilidad del Deudor y los garantizadores de la misma es solidaria, absoluta e incondicional.

El Deudor autoriza al tenedor, a opción del tenedor, para aplicar al pago total o parcial de esta obligación, cualquier suma de dinero en depósito o en cualquier otro concepto, en poder del tenedor, al presente o en el futuro, perteneciente al Deudor o a los garantizadores de este pagaré, aún antes del vencimiento.

### Creación de Gravamen Mobiliario

Para garantizar esta obligación, así como cualquier adelanto o préstamo futuro, y cualquier deuda anterior del Deudor con el Banco y/o tenedor de esta obligación, directa o indirecta, el Deudor concede al Banco y/o tenedor de esta obligación un interés asegurado y constituye un gravamen mobiliario sobre los instrumentos, bienes, valores y efectos que por la presente entregan al Banco y/o tenedor de esta obligación, así como sobre el producto de todos ellos los cuales se describen en el Acuerdo de Gravamen Mobiliario suscrito en esta fecha, autenticado mediante el afidávit # 7,697 ____ del Notario Fedante.

En ___San Juan_____, Puerto Rico, a 31 de enero de 2006.

M.A.R. REALTY, CORP.

Por: _____
EDWIN TEOFILO RAMOS RODRIGUEZ
Presidente

Afidávit Número __7,694__

En ___San Juan_____, Puerto Rico, a __31__ de __enero____ de _2006_, RECONOCIDO y SUSCRITO ante mí por el(los) arriba firmante(s), mayor(es) de edad, en la expresada capacidad, casado, propietario y vecino de San Juan, Puerto Rico, a quien(es) he identificado como sigue: Licencia de _____ Conducir número 1313627.

NOTARIO PUBLICO

# ALLONGE

THIS ALLONGE IS TO BE ATTACHED TO AND MADE AN INTEGRAL PART of the following instrument:

Reference Number: **7380022587**
Note (Pagaré)
Closing Date: 01/31/2006
Payable by: MAR REALTY CORP
Payable to the Order of: WESTERNBANK OF PR AND/OR PAGARE AL PORTADOR
Original Principal Amount: TWO MILLION EIGHT HUNDRED FIFTY SEVEN THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS, ($2,857,500.00)

PAY TO THE ORDER OF BANCO POPULAR DE PUERTO RICO, A PUERTO RICO COMMERCIAL BANK, WITHOUT RECOURSE AND WITHOUT REPRESENTATION OR WARRANTY, EXPRESS, IMPLIED OR BY OPERATION OF LAW, OF ANY KIND AND NATURE WHATSOEVER.

FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR WESTERNBANK PUERTO RICO

By: _____
Name: Deris Rivera

Title: Attorney in Fact

Dated as Of: 04/30/2010

PAY TO THE ORDER OF

_____

WITHOUT RECOURSE AND WITHOUT REPRESENTATION OR WARRANTY, EXPRESS, IMPLIED OR BY OPERATION OF LAW, OF ANY KIND AND NATURE WHATSOEVER.

BANCO POPULAR DE PUERTO RICO

By: _____
Name: Deris Rivera

Title: AUTHORIZED SIGNATURE

By: _____
Name: _____
Title: _____ AUTHORIZED SIGNATURE

## ALLONGE

Pay to the order of PRCI LOAN LLC, without recourse and without any representation or warranty of any kind whatsoever, express or implied, or by operation of law.

Dated as of June 30, 2016

**BANCO POPULAR DE PUERTO RICO**

By: *K Chapman*
Name: KAREN CHAPMAN THOMAS
Title: Authorized Representative

# PAGARE

| | |
|---|---|
| DEUDOR | NUM. 7380019229 |
| M.A.R. REALTY, CORP. | POR $3,000,000.00 |
| PMB Dept. | SUCURSAL SAN PATRICIO (38) |
| HC 1 Box 29030 | ORIGEN 23 de julio de 2004 |
| Caguas, P.R. 00725-8900 | VENCIMIENTO 23 de julio de 2039 |

POR VALOR RECIBIDO, la parte suscribiente (en adelante denominado "DEUDOR"), se obliga a pagar a la orden del WESTERNBANK PUERTO RICO (en adelante denominado "BANCO") o al tenedor de esta obligación, la cantidad principal de **TRES MILLONES DE DOLARES ($3,000,000.00)** pagadero en **cuatrocientos veinte (420)** plazos mensuales consecutivos de principal más intereses como sigue:

(i) comenzando el día 23 de agosto de 2004, treinta y seis (36) plazos mensuales consecutivos de Quince Mil Doscientos Sesenta y Un Dólares con Sesenta Centavos ($15,261.60) de principal e intereses a razón del cuatro punto noventa y nueve porciento (4.99%) anual cada uno;



(ii) comenzando el día 23 de agosto de 2007, veinticuatro (24) plazos mensuales consecutivos de principal más intereses a razón de la tasa preferencial de intereses ("prime rate") según establecida de cuando en cuando por el Citibank, N.A. en la ciudad de New York. El importe de los plazos de principal más intereses se computará dividiendo el balance insoluto de principal de este período de veinticuatro (24) plazos y del período final entre el número de plazos restantes de amortización. El tipo de interés a pagarse en este período de veinticuatro (24) plazos no será menor que 4.99%% anual ni mayor al 6.00% anual.

(iii) comenzando el día 23 de agosto de 2009, trescientos sesenta (360) plazos mensuales consecutivos de principal e intereses cuyo importe se ajustará al comienzo de este período de trescientos sesenta (360) plazos y sucesivamente cada treinta y seis (36) plazos como sigue: el interés pagadero será fijo para cada período de treinta y seis (36) plazos igual al tipo resultante al añadir UN (1) punto(s) porcentual(es) a la tasa de interés preferencial establecida por el Citibank, N.A. en la ciudad de Nueva York al comienzo de cada periodo de treinta y seis (36) y del período final si éste fuera menor de los treinta y seis (36) plazos. El importe de los plazos de principal e intereses se computará dividiendo el balance insoluto de principal al comienzo de cada uno de los períodos de treinta y seis (36) plazos y del período final entre el número de plazos restantes de amortización.

Los intereses pagaderos bajo la presente obligación serán computados a base del número actual de días transcurridos y en un año de trescientos sesenta (360) días.

En caso de mora en el pago del principal o el interés de esta obligación todas las cantidades adeudadas devengarán intereses de mora a razón del tipo resultante al añadir dos (2) puntos porcentuales al tipo de interés pactado en este pagaré desde la fecha del incumplimiento hasta el pago total de las cantidades adeudadas.

El Deudor pagará al tenedor de esta obligación un cargo por demora igual al cinco porciento (5%) del pago mensual por pagos efectuados diez (10) días de la fecha de vencimiento de los plazos mensuales.

En el caso en que el Deudor pague antes de su vencimiento cualquier cantidad de principal o intereses adeudadas al Banco bajo el presente préstamo con fondos provenientes de otra institución, el Deudor pagará al Banco una indemnización por pago anticipado de una cantidad igual al tres porciento (3%) del balance adeudado del préstamo. EL Banco se reserva el derecho de auditar la procedencia de los fondos.

El Deudor pagará como penalidad líquida una suma equivalente al diez porciento (10%) del importe inicial de este pagaré para cubrir el pago de costas, gastos y honorarios de abogado del tenedor, cantidad que será líquida y exigible en su totalidad al ocurrir cualquier evento de incumplimiento de esta obligación sin necesidad de radicación de acción judicial para el cobro de la misma.

El tenedor de esta obligación podrá acelerar el vencimiento de esta obligación y declarar vencidas y exigibles la totalidad de las cantidades adeudadas y las penalidades estipuladas al ocurrir cualesquiera de los siguientes eventos:

(i) el Deudor incumpla con el pago del principal y/o los intereses sobre el mismo o cualquier penalidad estipulada a su vencimiento;

(ii) el Deudor incumpla con cualquier obligación estipulada en este pagaré o en cualquier otro acuerdo o contrato con el tenedor;

(iii) cualquier garantizador de esta obligación incumpla con sus obligaciones bajo su garantía solidaria o en cualquier forma modifique, resuelva o revoque su garantía;

(iv) se dicte cualquier sentencia en contra del Deudor o cualquier garantizador y la misma no sea satisfecha o dejada sin efecto en treinta (30) días desde la fecha en que se dicte;

(v) el Deudor o cualquier garantizador: (a) inicie cualquier procedimiento de quiebra, insolvencia o concurso de acreedores; (b) inicie cualquier procedimiento de sindicatura; (c) haga una

cesión en beneficio de acreedores; (d) se inicie en su contra cualquier procedimiento de sindicatura, embargo de bienes, prohibición de enajenar o de incapacidad o liquidación voluntaria; (e) admita su incapacidad de cumplir con sus obligaciones conforme a sus términos; o, (f) ocurra un cambio perjudicial a su condición económica; o,

(vi) en el caso en que cualquier propiedad mueble o inmueble que garantice esta obligación deprecie y afecte adversamente la condición económica del Deudor y/o los garantizadores y su capacidad de pago y cumplimiento con esta obligación y las garantías de la misma.

El Deudor y los garantizadores de esta obligación: (i) renuncian a la presentación para el pago de este pagaré, al requerimiento de pago y aviso de no haberse pagado esta obligación, al protesto y notificación del mismo; (ii) dan su consentimiento a cualquier prórroga para pago, renovación o sustitución de este pagaré; y (iii) dan su consentimiento a que el tenedor renuncie a todas o alguna o algunas de las garantías colaterales de esta obligación, con o sin substitución de la misma.

No se considerará que el tenedor renuncia a alguno de sus derechos o remedios en esta obligación, a menos que dicha renuncia sea expresa y por escrito; y el no ejercicio de algún derecho no podrá interpretarse como su renuncia.

La responsabilidad del Deudor y los garantizadores de la misma es solidaria, absoluta e incondicional.

El Deudor autoriza al tenedor, a opción del tenedor, para aplicar al pago total o parcial de esta obligación, cualquier suma de dinero en depósito o en cualquier otro concepto, en poder del tenedor, al presente o en el futuro, perteneciente al Deudor o a los garantizadores de este pagaré, aún antes del vencimiento.

### Creación de Gravamen Mobiliario

Para garantizar esta obligación, así como cualquier adelanto o préstamo futuro, y cualquier deuda anterior del Deudor con el Banco y/o tenedor de esta obligación, directa o indirecta, el Deudor concede al Banco y/o tenedor de esta obligación un interés asegurado y constituye un gravamen mobiliario sobre los instrumentos, bienes, valores y efectos que por la presente entregan al Banco y/o tenedor de esta obligación, así como sobre el producto de todos ellos los cuales se describen en el Acuerdo de Gravamen Mobiliario suscrito en esta fecha, autenticado mediante el afidávit #15,814 del Notario Fedante.

En __Guaynabo__, Puerto Rico, a 22 de julio del 2004

M.A.R. REALTY, CORP.

Por: _____
EDWIN RAMOS RODRIGUEZ
Presidente

Afidávit Número __15,812__

En __Guaynabo__, Puerto Rico, a __22__ de __julio__ de __2004__, RECONOCIDO y SUSCRITO ante mí por el(los) arriba firmante(s), mayor de edad, en la expresada capacidad, casado, propietario y vecino de San Juan--, Puerto Rico, a quien he identificado como sigue: Licencia de Conducir.

NOTARIO PUBLICO

MAR REALTY, CORP.
HC 1 BOx 29030 PMB 330
CAGUAS, P.R. 00725-8900

## ALLONGE

Este allonge forma parte y modifica el pagaré a la orden de WESTERNBANK PUERTO RICO por la suma principal de $3,000,000.00 (Préstamo Número 7380019229) otorgado el 22 de julio de 2004, autenticado mediante el afidávit número 15,812 del Notario Francisco J. Biaggi Landrón (en adelante Pagaré) como sigue:

Se modifica el Pagaré a los siguientes efectos:

El Deudor ha pagado al Banco la suma de Un Millón Diez Mil Dólares ($1,010,000.00) para ser abonada al principal del préstamo concedido por el BANCO a la CORPORACION, quedando un balance del principal adeudado a esta fecha de UN MILLON NOVECIENTOS CATORCE MIL CUATROCIENTOS SIETE DOLARES CON OCHENTA Y CUATRO CENTAVOS ($1,914,407.84), el cual devengará intereses y será pagadero en plazos mensuales consecutivos de principal e intereses como sigue:

(i) comenzando el día 23 de febrero de 2006, dieciocho (18) plazos mensuales consecutivos de Nueve Mil Ochocientos Noventa y Siete Dólares con Setenta y Cuatro Centavos ($9,897.74) de principal e intereses a razón del cuatro punto noventa y nueve porciento (4.99%) anual cada uno;

(ii) comenzando el día 23 de septiembre de 2007, veinticuatro (24) plazos mensuales consecutivos de principal más intereses a razón de la tasa preferencial de intereses ("prime rate") según establecida de cuando en cuando por el Citibank, N.A. en la ciudad de New York. El importe de los plazos de principal más intereses se computará dividiendo el balance insoluto de principal de este período de veinticuatro (24) plazos y del período final entre el número de plazos restantes de amortización. El tipo de interés a pagarse en este período de veinticuatro (24) plazos no será menor que 4.99%% anual ni mayor al 6.00% anual.

(iii) comenzando el día 23 de septiembre de 2009, trescientos sesenta (360) plazos mensuales consecutivos de principal e intereses cuyo importe se ajustará al comienzo de este período de trescientos sesenta (360) plazos y sucesivamente cada treinta y seis (36) plazos como sigue: el interés pagadero será fijo para cada período de treinta y seis (36) plazos igual al tipo resultante al añadir UN (1) punto(s) porcentual(es) a la tasa de interés preferencial establecida por el Citibank, N.A. en la ciudad de Nueva York al comienzo de cada período de treinta y seis (36) y del período final si éste fuera menor de los treinta y seis (36) plazos. El importe de los plazos de principal e intereses se computará dividiendo el balance insoluto de principal al comienzo de cada uno de los períodos de treinta y seis (36) plazos y del período final entre el número de plazos restantes de amortización.

Los intereses pagaderos bajo la presente obligación serán computados a base del número actual de días transcurridos y en un año de trescientos sesenta (360) días y se devengarán a partir de la fecha de este pagaré y de cada fecha de comienzo del período de ajuste del tipo de interés pactado.

Se ratifican los demás términos, condiciones y garantías del Pagaré y los demás documentos relacionados con el préstamo evidenciado por dicho Pagaré los cuales quedan inalterados y con toda fuerza, vigencia y extensión. Las partes reconocen que esta modificación no constituye una novación o modificación de las obligaciones o garantías relacionadas en este documento.

En San Juan , Puerto Rico, a 31 de enero de 2006.

M.A.R. REALTY, CORP.

Por: _____
EDWIN TEOFILO RAMOS RODRIGUEZ
Presidente

Affidávit Número 7,639

En San Juan , Puerto Rico, a 31 de enero de 2006, RECONOCIDO y SUSCRITO ante mí por el(los) arriba firmante(s), mayor de edad, en la expresada capacidad, casado, propietario y vecino de San Juan, Puerto Rico, a quien he identificado como sigue: Licencia de Conducir número 813627.

NOTARIO PUBLICO

## ALLONGE



THIS ALLONGE IS TO BE ATTACHED TO AND MADE AN INTEGRAL PART OF THE FOLLOWING INSTRUMENT:

Reference Number: 7380019229

Note (Pagaré)

Closing Date: 07/23/2004 (Note dated 07/22/2004)

Payable by: Mar Realty, Corp.

Payable to the Order of: WESTERNBANK OF PR AND/OR PAGARE AL PORTADOR

Original Principal Amount: $3,000,000.00

PAY TO THE ORDER OF

_____

WITHOUT RECOURSE AND WITHOUT REPRESENTATION OR WARRANTY, EXPRESS, IMPLIED OR BY OPERATION OF LAW, OF ANY KIND AND NATURE WHATSOEVER.

PAY TO THE ORDER OF, BANCO POPULAR DE PUERTO RICO, WITHOUT RECOURSE AND WITHOUT REPRESENTATION OR WARRANTY EXPRESS, IMPLIED OR BY OPERATION OF LAW, OF ANY KIND OR NATURE WHATSOEVER.

FEDERAL DEPOSIT INSURANCE CORPORATION
AS RECEIVER FOR WESTERNBANK PUERTO RICO
BY: _____
NAME: Doris Rivera
TITLE: ATTORNEY-IN-FACT

BANCO POPULAR DE PUERTO RICO
By: _____
Name: Doris Rivera
Title: AUTHORIZED SIGNATURE

By: _____
Name: _____
Title: AUTHORIZED SIGNATURE

## ALLONGE

Pay to the order of PRCI LOAN LLC, without recourse and without any representation or warranty of any kind whatsoever, express or implied, or by operation of law.

Dated as of June 30, 2016

**BANCO POPULAR DE PUERTO RICO**

By: ___K Chapman___
Name: KAREN CHAPMAN THOMAS
Title: Authorized Representative

**PAGARE**

| | |
|---|---|
| DEUDOR | NUM. 7380023981 |
| M.A.R. REALTY, CORP. | POR $1,230,000.00 |
| HC 1 BOX 29030 PMB 330 | SUCURSAL SAN PATRICIO |
| CAGUAS, P.R. 00725-8900 | ORIGEN 29 de septiembre de 2006 |
| | VENCIMIENTO 29 de septiembre de 2007 |

POR VALOR RECIBIDO, la parte suscribiente (en adelante denominado "DEUDOR"), se obliga a pagar solidariamente a la orden del WESTERNBANK PUERTO RICO (en adelante denominado "BANCO") o al tenedor de esta obligación, la cantidad principal de **UN MILLON DOSCIENTOS TREINTA MIL DOLARES ($1,230,000.00)** más intereses a razón del ocho punto veinticinco porciento (8.25%)

Esta obligación será pagadera con vencimiento fijo y pago de intereses mensuales como sigue: (i) la cantidad principal de UN MILLON DOSCIENTOS TREINTAMIL DOLARES ($1,230,000.00) será pagadera el día 29 de septiembre del 20 07; y (ii) los intereses sobre el principal del préstamo serán pagaderos en doce (12) plazos plazos mensuales consecutivos al tipo pactado comenzando el día 29 de octubre del 20 06.

Los intereses pagaderos bajo la presente obligación serán computados a base del número actual de días transcurridos y en un año de trescientos sesenta (360) días y se devengarán a partir de la fecha de este pagaré y de cada fecha de comienzo del período de ajuste del tipo de interés pactado.

En caso de mora en el pago del principal o el interés de esta obligación todas las cantidades adeudadas devengarán intereses de mora a razón del tipo resultante al añadir dos (2) puntos porcentuales al tipo de interés pactado en este pagaré desde la fecha del incumplimiento hasta el pago total de las cantidades adeudadas.

El Deudor pagará al tenedor de esta obligación un cargo por demora igual al cinco porciento (5%) del pago mensual por pagos efectuados diez (10) días de la fecha de vencimiento de los plazos mensuales.

En el caso en que el Deudor pague antes de su vencimiento cualquier cantidad de principal o intereses adeudadas al BANCO bajo el Préstamo a Término con fondos provenientes de otra institución, el Deudor pagará al BANCO una indemnización por pago anticipado de una cantidad igual al tres porciento (3%) del balance adeudado del préstamo. Esta indemnización no aplicará en el caso en que el pago anticipado se haga con fondos provenientes del producto de la venta de la propiedad hipotecada.

El Deudor pagará como penalidad líquida una suma equivalente al diez porciento (10%) del importe inicial de este pagaré para cubrir el pago de costas, gastos y honorarios de abogado del tenedor, cantidad que será líquida y exigible en su totalidad al ocurrir cualquier evento de incumplimiento de esta obligación sin necesidad de radicación de acción judicial para el cobro de la misma.

El tenedor de esta obligación podrá acelerar el vencimiento de esta obligación y declarar vencidas y exigibles la totalidad de las cantidades adeudadas y las penalidades estipuladas al ocurrir cualesquiera de los siguientes eventos:
 (i) el Deudor incumpla con el pago del principal y/o los intereses sobre el mismo o cualquier penalidad estipulada a su vencimiento;
 (ii) el Deudor incumpla con cualquier obligación estipulada en este pagaré o en cualquier otro acuerdo o contrato con el tenedor;
 (iii) cualquier garantizador de esta obligación incumpla con sus obligaciones bajo su garantía solidaria o en cualquier forma modifique, resuelva o revoque su garantía;
 (iv) se dicte cualquier sentencia en contra del Deudor o cualquier garantizador y la misma no sea satisfecha o dejada sin efecto en treinta (30) días desde la fecha en que se dicte;
 (v) el Deudor o cualquier garantizador: (a) inicie cualquier procedimiento de quiebra, insolvencia o concurso de acreedores; (b) inicie cualquier procedimiento de sindicatura; (c) haga una cesión en beneficio de acreedores; (d) se inicie en su contra cualquier procedimiento de sindicatura, embargo de bienes, prohibición de enajenar o de incapacidad o liquidación voluntaria; (e) admita su incapacidad de cumplir con sus obligaciones conforme a sus términos; o, (f) ocurra un cambio perjudicial a su condición económica; o,
 (vi) en el caso en que cualquier propiedad mueble o inmueble que garantice esta obligación deprecie y afecte adversamente la condición económica del Deudor y/o los garantizadores y su capacidad de pago y cumplimiento con esta obligación y las garantías de la misma.

El Deudor y los garantizadores de esta obligación: (i) renuncian a la presentación para el pago de este pagaré, al requerimiento de pago y aviso de no haberse pagado esta obligación, al protesto y notificación del mismo; (ii) dan su consentimiento a cualquier prórroga para pago, renovación o sustitución de este pagaré; y (iii) dan su consentimiento a que el tenedor renuncie a todas o alguna o algunas de las garantías colaterales de esta obligación, con o sin substitución de la misma.

No se considerará que el tenedor renuncia a alguno de sus derechos o remedios en esta obligación, a menos que dicha renuncia sea expresa y por escrito; y el no ejercicio de algún derecho no podrá interpretarse como su renuncia.

La responsabilidad del Deudor y los garantizadores de la misma es solidaria, absoluta e incondicional.

El Deudor autoriza al tenedor, a opción del tenedor, para aplicar al pago total o parcial de esta obligación, cualquier suma de dinero en depósito o en cualquier otro concepto, en poder del tenedor, al presente o en el futuro, perteneciente al Deudor o a los garantizadores de este pagaré, aún antes del vencimiento.

### Creación de Gravamen Mobiliario

Para garantizar esta obligación, así como cualquier adelanto o préstamo futuro, y cualquier deuda anterior del Deudor con el Banco y/o tenedor de esta obligación, directa o indirecta, el Deudor concede al Banco y/o tenedor de esta obligación un interés asegurado y constituye un gravamen mobiliario sobre los instrumentos, bienes, valores y efectos que por la presente entregan al Banco y/o tenedor de esta obligación, así como sobre el producto de todos ellos los cuales se describen en el Acuerdo de Gravamen Mobiliario suscrito en esta fecha, ante el notario fedante, autenticado por el afidavit # 6,690-----.

En ___San Juan_____, Puerto Rico, a 29 de septiembre de 2006.

M.A.R. REALTY, CORP.

_____
EDWIN RAMOS RODRIGUEZ

Afidávit Número __6,686__

En ___San Juan___, Puerto Rico, a _29_ de _septiembre_ de _2006_, RECONOCIDO y SUSCRITO ante mí por el(los) arriba firmante(s), en su capacidad antes indicada, quien es mayor de edad, casado, propietario y vecino de San Juan, Puerto Rico, ----------------------------------
---------------------------------------------------------------------------------
a quien(es) he identificado como sigue: Licencia de Conducir número 1313627. ----------

NOTARIO PUBLICO

caja 370    File 6265

## ALLONGE

THIS ALLONGE IS TO BE ATTACHED TO AND MADE AN INTEGRAL PART OF THE FOLLOWING INSTRUMENT:

Reference Number: 7380023981

Note (pagare)

Closing Date: 09/29/2006

Payable by: M.A.R. Realty, Corp.

Payable to the Order of: WESTERNBANK OF PR AND/OR PAGARE AL PORTADOR

Original Principal Amount: First disbursement $1,230,000.00 renewed on 08/14/2009 by $ 1,230,000.00 maturity date 08/14/2014

PAY TO THE ORDER OF

_____

WITHOUT RECOURSE AND WITHOUT REPRESENTATION

OR WARRANTY, EXPRESS, IMPLIED OR BY OPERATION

OF LAW, OF ANY KIND AND NATURE WHATSOEVER.

**BANCO POPULAR DE PUERTO RICO**

By: _____

Name: Luz Boria

Title: AUTHORIZED SIGNATURE

By: _____

Name: _____

Title: AUTHORIZED SIGNATURE

PAY TO THE ORDER OF, BANCO POPULAR DE PUERTO RICO. WITHOUT RECOURSE AND WITHOUT REPRESENTATION OR WARRANTY, EXPRESS, IMPLIED OR BY OPERATION OF LAW, OF ANY KIND OR NATURE WHATSOEVER.

FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR WESTERNBANK PUERTO RICO

BY: _____

NAME: Luz Boria

TITLE: ATTORNEY-IN-FACT

## ALLONGE

Pay to the order of PRCI LOAN LLC, without recourse and without any representation or warranty of any kind whatsoever, express or implied, or by operation of law.

Dated as of June 30, 2016

**BANCO POPULAR DE PUERTO RICO**

By: _K Chapman_
Name: KAREN CHAPMAN THOMAS
Title: Authorized Representative